UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GOOD SAMARITAN HOSPITAL, a
Washington corporation,

    Plaintiff,

v.

LEXINGTON INSURANCE, a Delaware
corporation, et al.,

    Defendants.

CASE NO. C12-5043BHS

ORDER GRANTING MOTION
FOR LEAVE TO ACCEPT
REPLY BRIEF AND
GRANTING IN PART AND
RESERVING RULING IN PART
ON MOTION TO DISMISS

This matter comes before the Court on Defendants USI Insurance Services, LLC, and USI Holdings' (collectively "USI") motion to dismiss (Dkt. 12), Defendant Lexington Insurance's ("Lexington") (collectively "Defendants") joinder in the motion (Dkt. 15), and Lexington's motion for leave to accept reply brief (Dkt. 23). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion for leave and grants in part and reserves ruling in part the motion to dismiss for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 21, 2011, Plaintiff Good Samaritan Hospital ("Hospital") filed a complaint in Pierce County Superior Court for the State of Washington against Defendants alleging misrepresentation, bad faith, breach of duty of care, violations of Washington state insurance regulations, and a violation of the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86. Dkt. 2 at 4-10 ("Complaint"). On January 19, 2012, Defendants removed the case to this Court. Dkt. 1.

ORDER - 1

On January 24, 2012, USI filed a motion to dismiss (Dkt. 12) and Lexington joined in the motion (Dkt. 15).  On February 14, 2012, the Hospital responded to the motion (Dkt. 18) and to Lexington's joinder (Dkt. 17).  On February 17, 2012, USI replied.  Dkt. 22.  On February 21, 2012, Lexington filed a motion for leave of Court (Dkt. 23) and a reply brief (Dkt. 24).

## II.  FACTUAL BACKGROUND

The Hospital contracted with Medical Services Network ("MSN") to provide temporary nursing staff.  Complaint, ¶ 3.1.  The contract required MSN to provide professional liability insurance.  *Id.*  MSN obtained a contract of insurance from Lexington through an agent for Summit Global Partners of Florida, Inc. ("Summit).  *Id.* ¶ 3.2.  As proof of the insurance, Summit issued a Certificate of Insurance.  *Id.*, Exh. A ("Certificate").  The Certificate provides that MSN had obtained professional liability insurance and, under the category entitled "LIMITS," it reads "$5,000,000 Each Act, $5,000,000 Aggregate."  *Id.*  The Certificate also provides that "THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS, AND CONDITIONS OF SUCH POLICIES . . . ."  *Id.*

In January of 2008, the Iwamoto estate and family ("Iwamoto") filed a lawsuit against both the Hospital and MSN alleging negligence by an MSN nurse ("Lawsuit").  *Id.* ¶ 3.4.  Iwamoto and MSN submitted the Lawsuit to private arbitration, which has a maximum award of one million dollars.  *Id.*  ¶ 3.5.  The Hospital was dismissed from the Lawsuit in April of 2009.  *Id.*  In December of 2009, the arbitrator entered an award in favor of Iwamoto in the amount of $785,000 plus fees and costs.  *Id.* ¶ 3.6.

In February of 2010, Iwamoto notified the Hospital that MSN may not be able to pay the award and that Iwamoto intended to file a motion to vacate the order dismissing the Hospital from the Lawsuit.  *Id.*  At the same time, Iwamoto informed the Hospital that the MSN policy contained a one-million-dollar self-insured retention provision ("SIR").

ORDER - 2

*Id*. The award against MSN was subsequently discharged in a bankruptcy proceeding. *Id*.

On January 24, 2011, the Hospital contacted USI, the corporate successor of Summit, and Lexington and requested indemnification and defense because the SIR provision was not included in the Certificate. *Id*. ¶ 3.7.

On March 13, 2011, the arbitrator vacated the judgment and award in the Lawsuit. *Id*. 3.9.

### III.  DISCUSSION

**A.  Motion for Leave to File Reply Brief**

USI filed its motion on January 24, 2012 and, pursuant to Local Rule 7(b)(3), any reply brief was due on the noting date, which was February 17, 2012.  Lexington requests leave of Court to accept its reply brief that was filed late on February 21, 2012.  Dkt. 23.  The Court grants the motion and accepts the brief because no other party has claimed prejudice.

**B.  Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

ORDER - 3

**1.    Misrepresentation**

Washington has adopted the Restatement (Second) of Torts with respect to the elements of negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1) (1997)  "[T]o prevail on a claim of negligent misrepresentation, a plaintiff must prove by clear, cogent, and convincing evidence that he or she justifiably relied on the information that the defendant negligently supplied." *Lawyers Title Ins. Corp. v. Baik*, 147 Wn.2d 536, 545 (2002).

The first issue is whether false information was supplied or whether material information was omitted.  The information that was supplied on the Certificate was that the policy had two $5,000,000 limits and that it was subject to other provisions.  None of this information was false.  Therefore, the Hospital has failed to state a claim for misrepresentation based on the information that was supplied via the Certificate.

However, in Washington, an entity may also be liable for failing to make a full disclosure.  If a party has a duty to disclose information, the failure to do so can constitute negligent misrepresentation. *Colonial Imports, Inc. v. Carlton N.W., Inc.*, 121 Wn.2d 726, 731–32 (1993).  The duty to disclose in a business transaction arises if imposed by a fiduciary relationship or other similar relationship of trust or confidence or if necessary to prevent a partial or ambiguous statement of fact from being misleading. *Id*.  Moreover, the Washington Supreme Court has

> endorsed the notion that the duty arises when the facts are peculiarly within the knowledge of one person and could not be readily obtained by the other; or where, by the lack of business experience of one of the parties, the other takes advantage of the situation by remaining silent. And the *[Colonial Imports]* court quoted with approval from a [Washington] Court of Appeals decision suggesting that the duty to disclose arises where there is a quasi-fiduciary relationship, where a special relationship of confidence and

ORDER - 4

> trust had developed between the parties, where a party relies on the specialized and superior knowledge of the other party, where a party has a statutory duty to disclose, or where a seller knows a material fact that is not easily discoverable by the buyer.

*Van Dinter v. Orr*, 157 Wn.2d 329, 334 (2006) (internal citations omitted).

In this case, the Hospital has failed to show that any defendant had a duty to disclose the SIR. There was no fiduciary relationship, there was no similar relationship of trust or confidence, there was no peculiar knowledge that could not be readily obtained by the Hospital, and the Hospital has not shown that it lacked any business experience such that it was unable to understand that coverage was subject to other provisions in the policy at issue. The only arguable situation that may have existed is one in which it was necessary to prevent a partial or ambiguous statement of fact from being misleading. But the limit of liability was not partial or ambiguous because it clearly stated at what amount the coverage under the policy ended. With regard to the amount when coverage began, the Hospital has failed to show with clear, cogent, and convincing evidence that information about the SIR was not easily obtainable. Therefore, the Court grants Defendants' motion to dismiss the Hospital's misrepresentation claim.

### 2. Bad Faith, CPA, and Insurance Regulations

The Hospital's Bad Faith, CPA, and Insurance Regulations claims rely on an alleged misrepresentation. Dkt. 18 at 12-13. The Court has found that there was not a misrepresentation either in failing to supply information or in omitting information. Therefore, the Court grants Defendants' motion to dismiss these claims.

### 3. Breach of Duty of Care

The Hospital alleges that "Defendants have a duty of care to act in good faith in dealing with [the Hospital], as a third party who is relying on the Certificate of Insurance issued by Defendants." Complaint, ¶ 6.2. The Hospital argues that these claims sound in tort under the "independent duty doctrine." Dkt. 18 at 9. Under this doctrine,

> an injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract. Using ordinary tort principles, the court decides as a matter of law whether the defendant was under an independent tort duty. In the law of negligence, a duty of care is defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another. The duty of care question implicates three main issues—its existence, its measure, and its scope. So the duty question breaks down into three inquiries: Does an obligation exist? What is the measure of care required? To whom and with respect to what risks is the obligation owed?
>
> To decide if the law imposes a duty of care, and to determine the duty's measure and scope, we weigh considerations of logic, common sense, justice, policy, and precedent. The concept of duty is a reflection of all those considerations of public policy which lead the law to conclude that a plaintiff's interests are entitled to legal protection against the defendant's conduct. Using our judgment, we balance the interests at stake.

*Affiliated FM Ins. Co. v. LTK Consulting Services, Inc.*, 170 Wn.2d 442, 449–450 (2010) (internal citations and quotations omitted).

In this case, the Hospital argues that "an insurance broker such as USI, acting on behalf of a principal such as Lexington, has a duty to non-client third parties to act as a reasonably prudent broker in relation to an entity such as [the Hospital]." Dkt. 18 at 9. Even if this obligation existed, the Hospital has failed to allege any action on behalf of the broker that would fall outside the scope of reasonable care or that the duty encompasses the class of harms suffered by the Hospital. The alleged harm is that the Certificate failed to disclose the SIR. The insurance broker, however, issued the Certificate for information purposes only and stated that actual coverage was subject to the specific terms and provisions of each policy. The Court finds that this was "reasonable care in the particular circumstances." *Affiliated FM*, 170 Wn.2d at 455.

With regard to the class of harms suffered by the Hospital, the type of harm allegedly suffered by the Hospital is beyond the realm of what a reasonably prudent insurance broker should be required to convey in an information-only Certificate. The Hospital requests that the Court impose a duty on an insurance broker to deliver legal advice as to every possible circumstance for which coverage may not lie, which includes the circumstance where the insured files for bankruptcy and has its debt discharged. This

ORDER - 6

injury is not "within the scope of the risks of harm, which . . . the defendant owed a duty of care to avoid." *Eastwood v. Horse Harbor Foundation, Inc.*, 170 Wn.2d 380, 395 (2010). Therefore, the Court grants Defendants' motion to dismiss the Hospital's claim for breach of the duty of care.

**4.    Relief**

The Hospital argues that, if the Court grants the motion to dismiss, the Court grant the Hospital leave to amend the complaint. Dkt. 18 at 4-5. In the event a court finds that dismissal is warranted, it should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Although the Court has granted Defendants' motion on issues of law, the analysis is based on the underlying factual allegations or lack thereof. The Hospital contends that allowing leave to amend "would be equitable and offer a simple solution to address Defendants' claims for dismissal." Dkt. 18 at 5. While the Court is unable to find that any amendment would be futile, the Court is also not persuaded that the Hospital is unable to assert factual allegations that correct the deficiencies set forth above. Therefore, the Court will expedite the process by reserving ruling on the issue of relief and setting a briefing schedule on the issue of the futility of any amendment.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Lexington's motion for leave of Court (Dkt. 23) is **GRANTED** and Defendants' motion to dismiss (Dkt. 12) is **GRANTED in part** and **RESERVED in part** as set forth above.

The Hospital shall file an opening brief addressing only the issue of futility no later than March 30, 2012 and no longer than 11 pages. Defendants may respond no later than April 11, 2012 with briefs of equal length. The Hospital may reply no later than April 13,

ORDER - 7

2012 with a brief no longer than 6 pages.  Defendants' motion to dismiss is renoted for consideration of the remaining issue on the Court's April 13, 2012 calendar.

DATED this 20th day of March, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8