UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GOOD SAMARITAN HOSPITAL, a Washington corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>LEXINGTON INSURANCE, a Delaware corporation, et al.,<br><br>  Defendants. | CASE NO. C12-5043BHS<br><br>ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT WITH PREJUDICE |

This matter comes before the Court on Defendants USI Insurance Services, LLC, and USI Holdings' (collectively "USI") motion to dismiss (Dkt. 12) and Defendant Lexington Insurance's ("Lexington") (collectively "Defendants") joinder in the motion (Dkt. 15). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants motion to dismiss for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 21, 2011, Plaintiff Good Samaritan Hospital ("Hospital") filed a complaint in Pierce County Superior Court for the State of Washington against Defendants alleging misrepresentation, bad faith, breach of duty of care, violations of Washington State insurance regulations, and a violation of the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86. Dkt. 2 at 4-10 ("Complaint"). On January 19, 2012, Defendants removed the case to this Court. Dkt. 1.

ORDER - 1

On January 24, 2012, USI filed a motion to dismiss (Dkt. 12) and Lexington joined in the motion (Dkt. 15). On March 20, 2012, the Court granted the motion as to the merits and reserved ruling on the appropriate relief. Dkt. 25. On March 30, 2012, the Hospital filed a supplemental brief on whether any amendment to its complaint would be futile. Dkt. 26. On April 6, 2012, Lexington responded. Dkt. 28. On April 11, 2012, USI responded. Dkt. 30. On April 13, 2012, the Hospital replied. Dkt. 32.

## II.  FACTUAL BACKGROUND

The Hospital contracted with Medical Services Network ("MSN") to provide temporary nursing staff. Complaint, ¶ 3.1. The contract required MSN to provide professional liability insurance. *Id.* MSN obtained a contract of insurance from Lexington through an agent for Summit Global Partners of Florida, Inc. ("Summit). *Id.* ¶ 3.2. As proof of the insurance, Summit issued a Certificate of Insurance. *Id.*, Exh. A ("Certificate"). The Certificate provides that MSN had obtained professional liability insurance and, under the category entitled "LIMITS," it reads "$5,000,000 Each Act, $5,000,000 Aggregate." *Id.* The Certificate also provides that "THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS, AND CONDITIONS OF SUCH POLICIES . . . ." *Id.*

In January of 2008, the Iwamoto estate and family ("Iwamoto") filed a lawsuit against both the Hospital and MSN alleging negligence by an MSN nurse ("Lawsuit"). *Id.* ¶ 3.4. Iwamoto and MSN submitted the Lawsuit to private arbitration, which has a maximum award of one million dollars. *Id.* ¶ 3.5. The Hospital was dismissed from the Lawsuit in April of 2009. *Id.* In December of 2009, the arbitrator entered an award in favor of Iwamoto in the amount of $785,000 plus fees and costs. *Id.* ¶ 3.6.

In February of 2010, Iwamoto notified the Hospital that MSN may not be able to pay the award and that Iwamoto intended to file a motion to vacate the order dismissing the Hospital from the Lawsuit. *Id.* At the same time, Iwamoto informed the Hospital that

ORDER - 2

the MSN policy contained a one-million-dollar self-insured retention provision ("SIR"). *Id*. The award against MSN was subsequently discharged in a bankruptcy proceeding. *Id*.

On January 24, 2011, the Hospital contacted USI, the corporate successor of Summit, and Lexington and requested indemnification and defense because the SIR provision was not included in the Certificate. *Id*. ¶ 3.7.

On March 13, 2011, the arbitrator vacated the judgment and award in the Lawsuit. *Id*. 3.9.

## III.  DISCUSSION

In the previous order, the Court concluded that the Hospital had failed to state a claim upon which relief may be granted for the tort of misrepresentation, either by a specific communication or by an omission, or for the tort of breach of the independent duty of care. Dkt. 25. The Court reserved ruling on whether the Hospital's complaint should be dismissed without an opportunity to amend. *Id*. In its supplemental briefing, the Hospital alleges that the "coverage represented as primary was actually excess [coverage]." Dkt. 26 at 6. The Hospital argues that this allegation supports its claims of misrepresentation and breach of the duty of care. *Id*. at 10-12; *see also* Dkt. 32 at 4-8. However, "Washington courts have rejected the argument that self-insurance constitutes 'insurance.'" *Bordeaux, Inc. v. American Safety Ins. Co.*, 145 Wn. App. 687, 695 (2008) (citing *Stamp v. Dep't of Labor & Indus.*, 122 Wn.2d 536, 542–44 (1993) and *Kyrkos v. State Farm Mut. Auto. Ins. Co.*, 121 Wn.2d 669, 674 (1993)).  Therefore, the Hospital's allegation does not support either claim.

The Hospital also argues that the Court made "factual conclusions that [the Hospital] believes are improper at this early stage in the litigation." The Hospital contends that "the Court's finding that this was 'reasonable care in the particular circumstance' is a factual finding contravened by the allegations in the well pleaded

ORDER - 3

complaint by [the Hospital]." *Id.* The Court agrees with the Hospital that a finding of whether a defendant exercised reasonable care should usually be left to the fact finder. *See Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 553 (2008) ("Whether a defendant has met the applicable duty is a question for the jury, unless reasonable minds could not differ.") (citing *Hertog, ex rel. S.A.H. v. City of Seattle*, 138 Wn.2d 265 (1999)). Taking the Hospital's allegations of fact as true, reasonable minds could not differ on the issue of whether the insurance broker's acts met any applicable duty to the Hospital. This conclusion is made in addition to the conclusion that there is no applicable duty. Dkt. 26 at 6–7.

In the event a court finds that dismissal is warranted, it should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court has allowed the Hospital an opportunity to contest the futility of any amendment to its complaint, and the Court concludes that any amendment would be futile to support the torts of misrepresentation and/or breach of the duty of care.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 12) is **GRANTED** and the Hospital's complaint is **DISMISSED with prejudice**.

DATED this 1st day of May, 2012.

BENJAMIN H. SETTLE
United States District Judge